■   In the Matter of the Estate of ISAAC T. FLATTO, Deceased. ANNETTE LEVY et al., Appellants; IVAN T. SMITH et al., Respondents.—Decree, Surrogate's Court, New York County, entered on March 12, 1975, affirmed, without costs and without disbursements, on opinion of Midonick, S. Concur —Murphy, Capozzoli, Lane and Nunez, JJ.; Kupferman, J. P., dissents in the following memorandum: Kupferman, J. P. (dissenting). I would reverse and grant the application of the petitioners-appellants. The issue is whether a vested remainder was created. If so, as the Surrogate found, then the petitioners have no standing. If not, then the petitioners' application to be appointed as successor trustees is meritorious. The decedent, a lawyer, drew his own will and made provision therein for his adopted stepson. He was divorced from the child's mother, who was to receive the remainder upon the death of her son, the life tenant. However, she predeceased her son, and this is a present contest as to the situation in the future when the life tenant, her son, dies, as to whether his mother's estate will take the remainder, or whether it was the intention of the testator that she should survive in order for the remainder to be vested. The internal evidence of the will shows that in the prior and subsequent paragraphs to the one under consideration, the testator used the words "for her [his] sole use forever." Further, in the previous paragraph there was a life estate followed by a remainder just as there is in the paragraph under consideration; however, no such language is used in the paragraph we now interpret. Under the circumstances, it cannot reasonably be concluded that if the mother predeceased her son, as she did, her share would nonetheless be vested and be disposed of through her estate.